UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SHARIF JONES,                           :
                                        :
      Plaintiff                         : No. 3:CV-12-2113
                                        :
vs.                                     : (Judge Nealon)
                                        :
SUPERINTENDENT FISHER, et al.,          :
                                        :
      Defendants                        :

## MEMORANDUM

## I. BACKGROUND

Plaintiff, an inmate formerly confined in the Smithfield State Correctional Institution, ("SCI-Smithfield"), Huntingdon, Pennsylvania[1], filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1, complaint). The named Defendants are Dr. Long, Dr. Dolphin, and the following SCI-Smithfield employees: Superintendent Fisher, Healthcare Administrator Dreibelbis, Food Supervisor Roher, and Lieutenant Lear. Id.

Plaintiff alleges that "during the month of the Muslim fast known as Ramadhan, Mr. Roher failed to provide fasting inmates with required amount of calories thus subjecting [Plaintiff] to inadequate diet and weight loss." Id.

---

[1]Plaintiff is currently housed in the Fayette State Correctional Institution, La Belle, Pennsylvania.

He further claims that "on 7-2-11 Lt. Lear placed [him] in a camera cell where [he] could be observed by both sexes using the bathroom and washing up", which Plaintiff believes was a "tactic to deprive [him] of sleep and to punish [him]." Id.

He states that "on several occasions Quentin Dolphin failed to give [him] a blanket and mattress and forced [him] to sleep on a metal frame as a means of punishment and to deter [him] from seeking psychiatric help." Id.

With respect to Defendant Long, Plaintiff states that "after conducting a blood test, Ronald Long discovered that my kidneys were failing and in a state of ketosis and he failed to give me medical treatment to let me die." Id. He further claims that "Dr. Ronald Long diagnosed me with a hernia, sent me to a specialist who recommended surgery", and then "canceled my surgery because he claimed I was making his job more difficult. Id.

He states that Defendant, Healthcare Administrator, William Dreibelbis "handles all medical grievances" and "by denying [Plaintiff's] grievances and request for medical treatment he subjected [Plaintiff] to cruel and unusual punishment." Id.

Finally, with respect to Defendant Superintendent John Fisher, it is alleged that he "is responsible for all grievance appeals in the institution" and "this gives him knowledge of [Plaintiff's] medical problems, inadequate healthcare, psychiatric

care, [and] calories." Id. Plaintiff believes that Superintendent Fisher's "failure to correct these problems while he has the knowledge and power means that he violated [Plaintiff's] rights under the 8th and 14th Amendments." Id.

On October 23, 2012, Plaintiff filed the instant action in which he claims that Defendants violated his Eighth Amendment and Fourteenth Amendment rights. For relief, Plaintiff seeks compensatory and punitive damages, as well as "to order the defendants to perform corrective surgery on [his] hernia" and an order "to remove all cameras from the cells on K-Unit", as well as to "ensure that all inmates in Psych cells receive blankets, mattresses." Id.

Also on October 23, 2012, the Court issued its Standing Practice Order, informing Jones of his responsibilities in this litigation, specifically his responsibility to reply to defense motions, and warned him of the consequences of his failure to comply with briefing schedules on motions, stating:

> If the party opposing the motion does not file his or her brief and any evidentiary material within the 14–day time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's motion. The motion may therefore be granted if: (1) the court finds it meritorious; or (2) the opposing party fails to comply with Local Rule 7.6 despite being ordered to do so by the court.

(Doc. 4 at 3).

By Memorandum and Order dated September 20, 2013, Defendant Long's

3

motion to dismiss, (Doc. 15), and Defendant Dolphin's motion for summary judgment, (Doc. 22), were granted. (Docs. 34, 35).

On October 9, 2013, the remaining Defendants, Fisher, Dreibelbis, Lear, and Rohrer filed a motion for summary judgment, along with a statement of material facts, supporting brief, and supporting documents. See (Docs. 36, 38).

By Order dated July 29, 2014, Plaintiff was directed to file a brief in opposition to Defendants' motion within twenty (20) days. Id. The Order forewarned Plaintiff that his failure to communicate with the Court within twenty (20) days would result in dismissal of his case for failure to prosecute and comply with a court order under the authority of Federal Rule of Civil Procedure 41(b). Id. The time for filing a response has now passed and Plaintiff has failed to respond. Jones has not communicated with the Court on this matter since his last filing on June 11, 2013.[2] Further, ten months have passed since Jones' opposition to Defendants' motion for summary judgment was due, and he has neither filed his opposition, nor requested an enlargement of time within which to do so.[3]

---

[2] On June 11, 2013, Jones filed a brief in opposition, statement of disputed facts, and a declaration in opposition to Defendant Dolphin's motion for summary judgment. See (Docs. 29-31).

[3] This Court's July 29, 2014 Order requiring a response was not returned as undeliverable, and the Department of Corrections inmate locator confirms

(continued...)

4

## II. Discussion

Generally, a dispositive motion may not be granted merely because it is unopposed. However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). In Link, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. [footnote omitted] The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law .... It has been expressly recognized in Federal Rule of Civil Procedure 41(b) ....

Id. at 629–30.

The Third Circuit Court of Appeals held in Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991), that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the

---

³(...continued)
that Plaintiff is still housed in the Fayette State Correctional Institution, La Belle, Pennsylvania. See http://www.inmatelocator.cor.state.pa.us/inmatelocatorweb.

complaint. However, in reaching this holding, the Court of Appeals did not vitiate the Supreme Court's decision in <u>Link</u>, Rule 41(b) of the Federal Rules of Civil Procedure, or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order. Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.

<u>Stackhouse</u>, 951 F.2d at 30 (emphasis added); <u>see also</u> <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992) ("<u>Poulis</u> did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation .... [N]ot all of the <u>Poulis</u> factors[4] need be satisfied in order to dismiss a

---

[4] The Court of Appeals in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984) identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement. The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

complaint .... Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

In the instant case, Jones was advised of the requirements of Local Rule 7.6 in the Standing Practice Order issued in this case on October 23, 2012. (Doc. 4). Further, he specifically was instructed to comply with Local Rule 7.6 in the Court's July 29, 2014 Order directing him to file an all-inclusive brief in opposition, and was warned of the consequences of failing to timely file his opposition. (Doc. 40). Moreover, as is apparent from the history of litigation in this case, Plaintiff amply defended the dispositive motions filed by Defendants Long and Dolphin. See (Docs. 20, 29-31). As such, Jones clearly has the ability file documents and communicate with this Court.

Ten (10) months have passed since Jones' opposition to Defendants' motion for summary judgment was due, and he has not filed any brief in opposition or sought an extension of time in which to do so. As a result, the Court concludes that Jones' dilatoriness outweighs any of the other considerations set forth in Poulis. See supra note 4, at 6. Accordingly, the pending motion for summary judgment will be deemed unopposed and granted, the complaint will be dismissed pursuant to Rule

41(b) of the Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with a court order, and the case will be closed.

A separate Order will be issued.

Dated: August 28, 2014

**United States District Judge**